Mr. Justice Scott delivered the opinion of the Court. The constitutionality of the act of the legislature, giving forfeited delivery bonds the force and effect of judgments on which execution may issue, was definitely settled in the case of Reardon Ex parte, 4 Eng. 450. "During the return term, the court may, on motion, pass upon the sufficiency or insufficiency of the bond for defects apparent upon its face, or upon the face of the bond and execution. But after the return term has elapsed, all relief against the bond is beyond the power of that court unless in cases where the bond is an absolute nullity. And these rules are founded upon the principle that a court of law can-no more set aside, at a subsequent term, that which by operation of law has the force and effect of a judgment, than it can an actual judgment formally entered up at a preceding term. The consequence is that after the lapse of the return term relief is to be found only in a court of chancery, and that court, when relief would be sought on grounds that would have sustained a plea of non est factum at law, would interpose upon the sanie foundation of equity upon which it would afford relief against a judgment obtained by fraud. Ex parte Reardon, 4 Eng. at p. 454. When the bond has been forfeited, it has, by operation of law, the force and effect of a judgment on which execution may issue, and the sheriff’s return to that effect is conclusive record evidence of the fact of forfeiture, and cannot be contradicted by paroJ evidence, even at the return term. Thus, the non-delivery of the property transforms the bond by operation of law into a statutory judgment on which statutory judgment execution may issue against all the obligors in the bond. The execution does not issue upon the bond, but upon the statutory judgment, which, by operation of law, springs into being upon the forfeiture, and then exists in contemplation of law. And the mode of executing this judgment so developed is pointed out in the next succeeding section of the statute, which is by the issuance of an execution against all the obligors in the bond for the amount of the debt or damages and all the interest and costs of suit remaining unpaid. Thus, the amount of the bond is not the criterion for the amount of the execution to be issued, but that criterion is the amount of the debt or damages and all the interest and costs of suit remaining unpaid. And should a case arise where the penalty of the bond might be less than the amount for which the execution should be issued under the express provisions of the statute, it will be time enough for us then to decide whether or not the obligors can have any relief for the excess; and if so, whether that relief can be had in a court of law or would have to be sought at the hands of the chancellor. Nor will the sheriff’s failure to make the return required of him within two days by the statute, invalidate the statutory judgment; because this is but a failure to produce the evidence of the forfeiture, upon which the clerk is to act, and therefore does not make the forfeiture of the bond any the less so in fact. And upon his failure to make this return and endorsement within the two days the court would compel him to do so by rule and attachment at the application of any party interested either for or against the validity of the bond. And although the clerk is directed by the statute to issue execution against all the obligors of a bond returned forfeited, within five days thereafter; nevertheless an execution issued after the expiration of the five days would not be irregular; unless the judgment had at that time lain so. long as to become dormant. Nor are the rights of the plaintiff to be affected by any failure of the sheriff or clerk to return the execution and bond and to issue the new execution within the days prescribed by law, however.much these officers should be promptly punished by the court for any such failure. From what we have said it is apparent that if any of the objections which are urged against the bond in this case were valid, they could have been considered in the circuit court only at the return term of the bond and not afterwards and are therefore out of this case: and we have already answered the objection taken against the execution-fpr the supposed irregularity as to its amount. If these seem to be hard terms for the security in the forthcoming bond let it not be forgotten that he has, with his eyes open, wilfully and against the consent of the plaintiff thrust himself into process of execution of the plaintiff’s judgment obtained against the defendant in due course of law; and in doing so has voluntarily disrobed himself of important rights touching the distribution of justice to him through the ordinary channels of the law of the land. And the legislature by express enactment has thus permitted him to surrender his private rights and thus receive justice through a summary channel adjudging it not against public policy to permit the voluntary surrender of private rights to this extent. And, as we remarked in Reardon ex parte (at page 452) “ Of what a party voluntarily relinquishes and despoils himself he cannot rightfully complain especially against an innocent party with whose adjudged lawful rights he has voluntarily intermeddled.” We have not been able to discover any valid objection either to the execution that was superseded in this case in form or substance, or to the proceedings of the' sheriff under its authority. All seem substantially regular. Nor can we discover any thing upon the face of the petition upon .which these whole proceedings are founded, that present any substantial irregularity in any quarter. Nor is there substantial irregularity any where in the record except, first, in the order of the judge staying the execution and then in all the matters of the final judgment of the court. In all these there is manifest error. The judgment of the court must therefore be reversed and this cause remanded with instructions to the circuit court to set aside the order staying the execution, and dismiss the petition, that the appellant may have execution of his judgment against all the obligors in the forfeited forthcoming bond and otherwise according to law.